UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HUSSEIN J.H., | Case No. 26-CV-202 (NEB/JFD) |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, in her official capacity as Secretary, Department of Homeland Security, TODD M. LYONS, in his official capacity as Acting Director, Immigrations and Customs Enforcement, PETER BERG, in his official capacity as Director, ICE St. Paul Field Office, SAMUEL J. OLSEN, in his official capacity as Field Office Director of Enforcement and Removal Operations, ICE, JOHN DOE, | |
| Respondents. | |

---

This matter is before the Court on petitioner Hussein J.H.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Hussein J.H. is a citizen of Somalia who has lived in the United States since January of 2023, when he entered the country without inspection. (*Id.* ¶ 1.)

Hussein J.H. entered the United States to seek asylum. (*Id.*) The Department of Homeland Security placed him in removal proceedings under 8 U.S.C. Section 1229a. (*Id.* ¶ 24.) Pursuant to Section 1226(a), DHS released Hussein J.H. on his own recognizance. (*Id.*; ECF No. 1-1.)

Despite that order, and despite the pending asylum application, ICE detained Hussein J.H. on January 12, 2026. (Pet. at 12.) Afterwards, Hussein J.H. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Hussein J.H. is one of hundreds of petitioners across the country who have challenged their detention by ICE. Like those others, Hussein J.H. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country nearly three years ago, Hussein J.H. asserts that Section 1226, rather than Section 1225, applies. And because he has already been released on his own recognizance under Section 1226(a), he argues he is entitled to immediate release. He asserts that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Hussein J.H. are subject to Section 1226 under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946

(NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but Hussein J.H. was detained while "already in the country pending the outcome of removal proceedings." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). Respondents concede that the Court's decision in *R.E.* controls Hussein J.H.'s Petition. (ECF No. 4.)[1] The Court therefore grants the Petition for Writ of Habeas Corpus.

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal. (*See* ECF No. 4.)

The issue left for the Court is the appropriate remedy—immediate release or a bond hearing. Hussein J.H. asserts that immediate release is warranted because he has already been released on his own recognizance under Section 1226, and Section 1226 provides no authority to revisit that determination years later, especially without any material changes in Hussein J.H.'s circumstances. Respondents do not respond to this argument. Respondents' detention of Hussein J.H. without any notice or opportunity to be heard regarding the revocation of parole violated Hussein J.H.'s Fifth Amendment rights. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Because Hussein J.H.'s liberty interest stems from his release on his own recognizance, immediate release is warranted. *E.g.*, *Gergawi v. Larose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Hussein J.H.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

4

    b.    ENJOINS Respondents from denying release or other relief on the basis that Petitioner is subject to mandatory detention under § 1225(b)(2);

    c.    ENJOINS Respondents moving Petitioner outside of Minnesota prior to his release. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota;

    d.    ORDERS that Respondents **immediately release** Petitioner from custody in Minnesota subject to the conditions of his February 1, 2023 Order of Release on Recognizance; and

    e.    ORDERS that, within **two days**, Respondents confirm Petitioner's release in Minnesota by filing notice on the docket.

2. The remainder of Petitioner's Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026  
Time: 10:11 a.m.

BY THE COURT:

s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge